1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF CALIFORNIA**

9

10

| | | |
|---|---|---|
| 11 TOM AARON TATE, | ) | Case No.: 1:12-cv-00223-JLT |
| 12        Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| 13     v. | ) ) | (Doc. 12) |
| 14 H. A. RIOS, Warden, | ) ) | ORDER DISMISSING PETITION FOR WRIT OF |
| 15        Respondent. | ) | HABEAS CORPUS (Doc. 1) |
| 16 | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| 17 | ) | ENTER JUDGMENT AND CLOSE FILE |
| 18 | ) ) | NO CERTIFICATE OF APPEALABILITY IS |
| 19 | ) | REQUIRED |

20       Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

21 corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on February 16, 2012.  (Doc. 1).

22 The record indicates that on May 5, 1995, Petitioner was convicted in the United States District Court

23 for the Western District of North Carolina, of the following crimes: (1) five counts of conspiracy to

24 obstruct, delay, and affect commerce by robbery (18 U.S.C. § 1951); (2) four counts of using and

25 carrying a firearm (18 U.S.C. § 924( c); and (3) two counts of being a felon in possession of a firearm

26 (18 U.S.C. § 922(g)(1).   (Doc. 12, Ex. B).  Petitioner was sentenced to a term of 960 months.  (Id.).

27       Petitioner appealed his conviction to the United States Court of Appeals, Fourth Circuit, which,

28 on August 31, 1998, in an unpublished opinion, affirmed his conviction and sentence.  United States v.

1  Tate, 163 F.3d 600 (4th Cir. 1998).  On September 15, 1999, Petitioner filed a motion to vacate, set

2  aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court that was

3  subsequently denied on February 10, 2001.  (Id.).  In his petition, Petitioner indicates that the grounds

4  for the § 2255 motion were that (1) Petitioner is actually innocent of the weapons crime set forth in 18

5  U.S.C. § 924(c) pursuant to Bailey v. United States, 516 U.S. 137 (1995).  (Doc. 1, p. 4).

6      As mentioned, the instant petition was filed on February 16, 2012, contending, as he did

7  previously, that he is actually innocent of the charges under § 924(c), pursuant to Bailey, and that the

8  United States Supreme Court's decision in Abbott v. United States, __U.S.__, 131 S.Ct. 18, 178

9  L.Ed.2d 348 (2010), should be retroactively applied to his conviction.  (Doc. 1).   On March 7, 2012,

10 the Court ordered Respondent to file a response to the petition.  (Doc. 5).  On May 17, 2012,

11 Respondent filed the instant motion to dismiss the petition, contending that the Court lacks habeas

12 jurisdiction because Petitioner is challenging his sentence, not its execution.  (Doc. 12).  On June 14,

13 2012, Petitioner filed an opposition to the motion to dismiss.  (Doc. 13).  Previously, Petitioner had

14 filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on

15 February 27, 2012.  (Doc. 4).  Similarly, Respondent filed a written consent to the jurisdiction of the

16 United States Magistrate Judge for all purposes on May 4, 2012.  (Doc. 8).

17     For the reasons set forth below, the Court agrees with Respondent that it lacks jurisdiction

18 because Petitioner is challenging his conviction and sentence; hence, the action should have been

19 brought as a motion to set aside judgment pursuant to 28 U.S.C. § 2255 in the sentencing court.

20 Accordingly, the Court will grant the motion to dismiss and dismiss the petition for writ of habeas

21 corpus.

22                                **DISCUSSION**

23     A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v.

24 Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity

25 or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or

26 correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);

27 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

28 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court

1   has jurisdiction.  Tripati, 843 F.2d at 1163.    A prisoner may not collaterally attack a federal

2   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

3   Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United

4   States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

5         In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's

6   execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

7   Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.

8   1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925

9   F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United

10  States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

11  (9th Cir. 1990).

12        Petitioner's allegation that he should not have been convicted of the weapons charge contained

13  in § 924(c) because he did not "actively employ" the firearm because it did not contain a firing pin is a

14  clear and obvious challenge to his conviction.  Normally, the proper vehicle for challenging such a

15  mistake, as discussed previously, is a motion to vacate, set aside, or correct the sentence pursuant to 28

16  U.S.C. § 2255, not a habeas corpus petition.

17        Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under §

18  2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

19  validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States

20  v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that this

21  is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show

22  actual innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255

23  is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not

24  inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3,

25  5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);

26  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th

27  Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

28  Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956);

1    see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

2    § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on

3    the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d

4    76, 83 (9th Cir. 1963).

5         In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under

6    a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but

7    procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-

8    1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following

9    two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been

10   convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this

11   claim."  Id. at 1060.

12        "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim,

13   we ask whether petitioner's claim 'did not become available' until after a federal court decision."

14   Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008).

15   "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after

16   he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any

17   way relevant' to petitioner's claim after that first § 2255 motion."  Id., citing Ivy, 328 F.3d at 1060-

18   1061.

19        Here, Petitioner contends that he is both "actually innocent" of the charges and that he has not

20   had a clear procedural shot at raising his claims, such that he is entitled to proceed by a § 2241 petition

21   rather than with a motion under § 2255.  For the following reasons, the Court does not agree.

22        First, Petitioner has failed to establish his actual innocence.  "To establish actual innocence,

23   petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no

24   reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct.

25   1604 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v.

26   Herrera, 464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere

27   legal insufficiency," and "in cases where the Government has forgone more serious charges in the

28   course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."

4

<u>Bousley</u>, 523 U.S. at 623-624 (emphasis supplied).  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  <u>See, e.g., id</u>. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  <u>E.g., Reyes-Requena v. United States</u>, 243 F.3d 893, 903 (5th Cir. 2001); <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605 (7th Cir. 1998); <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997); <u>In re Hanserd</u>, 123 F.3d 922 (6th Cir. 1997); <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  <u>Reyes-Requena</u>, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  <u>Id</u>. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  <u>Id</u>.; <u>see Lorentsen</u>, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a

5

significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Here, by contrast, the chronology of events makes clear that Petitioner has failed to establish actual innocence.  First, Petitioner was convicted under § 924(c) May 5, 1995.  Bailey, which mandated that the defendant "actively employ" the weapon rather than merely possess it, was decided on December 6, 1995.  The Fourth Circuit decided Petitioner's appeal on August 31, 1998.  Petitioner contended that the evidence was insufficient to support the § 924(c) convictions because the weapon lacked a firing pin and therefore did not meet the definition of a firearm under § 921(a)(3).  The Fourth Circuit rejected this contention, noting that the statute contained to requirement that the firearm contain a firing pin.  Tate, 163 F.3d at *2 (citing United States v. Brown, 117 F.3d 353, 355-356 (7th Cir. 1997)(holding that removal of firing pin does not disqualify weapon as a "firearm"), and United States v. Willis, 662 F.2d 489, 491 n. 2 (4th Cir. 1993)).  Petitioner does not cite any precedential authority for the proposition that absence of a firing pin excludes a weapon from the definition of a firearm under §§ 921(a)(3) and 924(c).

Second, to the extent that Petitioner also contends that his sentence is illegal under Bailey and Abbott, such a claim is not one of actual innocence since it goes to Petitioner's sentence, not his conviction for the underlying crime.  Even if Petitioner were correct that Abbott was both retroactive and that it mandated a lower sentence, both issues with which the Court disagrees, Abbott would not establish actual innocence since it would only be applicable to the issue of whether the sentence, not the underlying conviction, were statutorily legal.

Next, the Court disagrees that Petitioner has not had an unobstructed procedural shot at his claim.  Again, the chronology of events is dispositive.  Petitioner filed his first § 2255 motion in the sentencing court on September 15, 1999.  At that juncture, Petitioner could have argued his Bailey claim and, given he had already raised the issue on direct appeal, could have argued his claim that the lack of a firing pin disqualified his weapon from the statute's ambit.  Thus, any claim that he could not have raised these issues in a § 2255 proceeding is frivolous.

To the extent that Petitioner is contending that he has not had a clear procedural shot because Abbott was only decided by the Supreme Court in 2010 and, furthermore, since it deals with the statutory construction of the law under which Petitioner was convicted, he could not raise it under a second and successive § 2255, Petitioner's argument is without merit because Abbott is inapplicable to his conviction.  As Respondent correctly observes, Abbott construes the 1998 statutory amendments to § 924(c), i.e., the so-called "except" clause, that was not added to the statute until 1998, some three years after Petitioner was convicted.  Abbott, 131 S.Ct. at 22.  As Respondent correctly points out, Petitioner is not entitled to be re-sentenced under a "hybrid" statute that employs whatever portions of the original, "pre-fix" law and the subsequent "post-fix" law that Petitioner finds least objectionable. The holding in Abbott simply does not construe the law as it existed "pre-fix," when Petitioner was convicted, and therefore the Supreme Court's decision in 2010 in Abbott does not mean that Petitioner has never had a clear procedural shot to raise his claim.

Finally, Petitioner's argument that he could not have filed his § 2255 motion until after Bousley was decided in 1998 makes no sense.  Bousley merely set forth the prevailing standard for "actual innocence."  It did not address § 924(c) nor did it construe whether the absence of a firing pin would necessarily mean that the defendant did not "actively employ" the weapon.  Bousley's legal standard provides not basis that did not exist previously for concluding that Petitioner is "actually innocent" of the weapons charges; hence, it did preclude him from a clear procedural shot under § 2255.

Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in the Western District of North Carolina.[1]

**ORDER**

---

[1] Because the Court finds that it lacks jurisdiction to proceed, the Court need not address Respondent's alternative contention that the petition should be denied on its merits.

7

For the following reasons, the Court HEREBY ORDERS as follows:

1.      Respondent's motion to dismiss (Doc. 12), is GRANTED;

2.      The petition for writ of habeas corpus (Doc. 1), is DISMISSED;

3.      The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

4.      No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **July 24, 2012**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE