# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM AARON TATE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>H. A. RIOS, Warden,<br><br>　　　　　Respondent. | Case No.: 1:12-cv-00223-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO RECONSIDER (Doc. 17)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on February 16, 2012. (Doc. 1). Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on February 27, 2012. (Doc. 4). Respondent filed a written consent to the jurisdiction of the United States Magistrate Judge for all purposes on May 4, 2012. (Doc. 8).

　　　　On May 17, 2012, Respondent filed a motion to dismiss the petition for lack of jurisdiction, contending that the claims should have been raised in a motion pursuant to 28 U.S.C. § 2255 filed in the sentencing court. (Doc. 12). On July 24, 2007, the Court granted Respondent's motion to dismiss, but indicated to the Clerk of the Court that no certificate of appealability was required because the

1

matter was brought pursuant to 28 U.S.C. § 2241. (Doc. 14). On August 3, 2012, Respondent filed a motion to reconsider that part of the July 24, 2012 order in which the Court indicated that no certificate of appealability was required.

In the motion for reconsideration, Respondent correctly points out that a certificate of appealability is in fact required for a petition pursuant to § 2255. Clearly, since the Court has construed the instant habeas petition as a petition pursuant to § 2255, the Court should have addressed the issuance of a certificate of appealability under the controlling statute.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Applying the above standard, the Court declines to issue such a certificate of appealability. The Court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly the Court HEREBY ORDERS as follows:

1. Respondent's motion for reconsideration (Doc. 17), is GRANTED;
2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 7, 2012**                          **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

3